IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONTEREY RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., and NANYA TECHNOLOGY CORPORATION DELAWARE,<br><br>Defendants. | Civil Action No. 19-2090-CFC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT NANYA TECHNOLOGY CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Nanya Technology Corporation ("NTC" or "Defendant"), by and through its attorneys, hereby respond to Plaintiff Monterey Research, LLC's ("Monterey" or "Plaintiff") Complaint for Patent Infringement [Dkt. 1] ("Complaint") as follows. Defendant denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief. (Unless otherwise specified, the collective group of Defendants Nanya Technology Corporation, Nanya Technology Corporation, U.S.A. and Nanya Technology Corporation Delaware are collectively referred to as "Nanya.")

**INTRODUCTION**

1.      NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 and therefore denies them.

2. NTC denies all allegations stated in Paragraph 2 of the Complaint.

## NATURE OF THE CASE

3. NTC admits that Plaintiff Monterey purports to bring this action for infringement of the United States Patent Nos. 6,363,031 ("the '031 patent"); 6,651,134 ("the '134 patent"); 6,680,516 ("the '516 patent"); 6,825,526 ("the '526 patent"); 6,902,993 ("the '993 patent"); and 7,158,429 ("the '429 patent") (collectively, the "Patents-in-Suit") under the laws of the United States, 35 U.S.C. § 271, but denies that such action has any merit.

## THE PARTIES

4. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5. NTC admits that it is a corporation incorporated under the laws of Taiwan. NTC further admits that its corporate office is located at No. 98, Nanlin Road., Taishan District, New Taipei City 243, Taiwan. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 5.

6. NTC admits that Defendant Nanya Technology Corporation, U.S.A. ("Nanya U.S.A.") is a wholly-owned subsidiary of NTC. NTC further admits that Nanya U.S.A.'s corporate office is located at 1735 Technology Drive, Suite 400, San Jose, California 95110. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 6.

7. NTC admits that Nanya Technology Corporation Delaware ("Nanya Delaware") is a corporation organized under the laws of the State of Delaware with its principal place of business at 20 Winter Sports Lane, Suite 105, Williston, Vermont 05945. NTC further admits that that Nanya Delaware is a wholly-owned subsidiary of NTC. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 7.

8. NTC denies all allegations stated in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 is a statement of legal conclusion and jurisdiction to which no response is required. NTC admits that Monterey purports to state a claim under the patent laws of the United States of America, U.S.C. § 271, *et seq.* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a). NTC specifically denies that this Court has jurisdiction over NTC, and therefore denies the allegations of Paragraph 9 of the Complaint.

10. NTC denies the allegation of Paragraph 10 of the Complaint. Specifically, that personal jurisdiction exists over NTC and Nanya U.S.A.

11. Paragraph 11 of the Complaint states a legal conclusion with respect to jurisdiction to which no response is required. NTC admits that Nanya Delaware is incorporated in Delaware and has a registered agent for service of process in Delaware. Except as expressly admitted, NTC denies the remaining allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 is a statement of legal conclusion and jurisdiction to which no response is required. NTC denies the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 is a statement of legal conclusion and venue to which no response is required. NTC denies that venue is proper in this Court over NTC and Nanya U.S.A., pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b). NTC denies the allegations of Paragraph 13, specifically all the allegations referring to alleged infringement. NTC also maintains that venue in this District is not convenient.

## THE PATENTS-IN-SUIT

14. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 13 above as though fully set forth herein.

### A.     U.S. Patent No. 6,363,031

15.     NTC admits that what purports to be a copy of the '031 patent is attached as Exhibit A to the Complaint.  NTC further admits that the '031 patent is entitled "Circuit, Architecture and Method for Reducing Power Consumption in a Synchronous Integrated Circuit" and lists an issue date of March 26, 2002.  NTC otherwise denies all allegations contained in Paragraph 15 of the Complaint.

16.     NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '031 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 16 of the Complaint.

### B.     U.S. Patent No. 6,651,134

17.     NTC admits that what purports to be a copy of the '134 patent is attached as Exhibit B to the Complaint.  NTC further admits that the '134 patent is entitled "Memory Device with Fixed Length Non Interruptible Burst" and lists an issue date of November 18, 2003.  NTC otherwise denies all allegations contained in Paragraph 17 of the Complaint.

18.     NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '134 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 18 of the Complaint.

### C.     U.S. Patent No. 6,680,516

19.     NTC admits that what purports to be a copy of the '516 patent and the Certificate of Correct are attached as Exhibit C to the Complaint.  NTC further admits that the '516 patent is entitled "Controlled Thickness Gate Stack" and lists an issue date of January 20, 2004 with a

Certificate of Correction issue date of December 12, 2006.  NTC otherwise denies all allegations contained in Paragraph 19 of the Complaint.

20. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '516 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 20 of the Complaint.

**D.** **U.S. Patent No. 6,825,526**

21. NTC admits that what purports to be a copy of the '526 patent is attached as Exhibit D to the Complaint.  NTC further admits that the '526 patent is entitled "Structure for Increasing Drive Current in a Memory Array and Related Method" and lists an issue date of November 30, 2004.  NTC otherwise denies all allegations contained in Paragraph 21 of the Complaint.

22. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '526 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 22 of the Complaint.

**E.** **U.S. Patent No. 6,902,993**

23. NTC admits that what purports to be a copy of the '993 patent and its Certificate of Correction are attached as Exhibit E to the Complaint.  NTC further admits that the '993 patent is entitled "Gate Electrode for MOS Transistors" and lists an issue date of June 7, 2005 with a Certificate of Correction issue date of June 7, 2005.  NTC otherwise denies all allegations contained in Paragraph 23 of the Complaint.

24. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '993 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 24 of the Complaint.

F. **U.S. Patent No. 7,158,429**

25. NTC admits that what purports to be a copy of the '429 patent is attached as Exhibit F to the Complaint. NTC further admits that the '429 patent is entitled "System for Read Path Acceleration" and lists an issue date of January 2, 2007. NTC otherwise denies all allegations contained in Paragraph 25 of the Complaint.

26. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '429 patent, or whether Plaintiff holds the right to sue and recover damages for infringement thereof, and therefore NTC denies the allegations in Paragraph 26 of the Complaint.

## FACTUAL BACKGROUND

27. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 26 above as though fully set forth herein.

28. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies them.

29. NTC admits that the Patents-in-Suit relate to semiconductor devices and integrated circuits. Except as expressly admitted, NTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and therefore denies them.

30. NTC denies the allegations or Paragraph 30 of the Complaint.

31. NTC admits that it maintains a website at www.nanya.com/en. Except as expressly admitted, NTC otherwise denies the remaining allegations of Paragraph 31 of the Complaint.

## NANYA'S PRE-SUIT KNOWLEDGE OF MONTEREY'S PATENTS AND CHARGE OF INFRINGEMENT

32. NTC admits that prior to Monterey filing this action, IPValue Management, Inc. ("IPValue") and Nanya discussed some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 of the Complaint.

    a. NTC admits that Nanya and IPValue communicated about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (a) of the Complaint.

    b. NTC admits that Nanya and IPValue communicated about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (b) of the Complaint.

    c. NTC admits that Nanya and IPValue communicated about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (c) of the Complaint.

    d. NTC admits that Nanya and IPValue communicated about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (d) of the Complaint.

    e. NTC admits that Nanya and IPValue communicated about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (e) of the Complaint.

    f. NTC denies the allegations of Paragraph 32 (f) of the Complaint.

    g.  NTC denies the allegations of Paragraph 32 (g) of the Complaint.

    h.  NTC admits that Nanya engaged in discussions with IPValue in Taiwan about the '031 and '134 patents. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (h).

    i.  NTC admits that Nanya engaged in discussions with IPValue in Taiwan about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (i) of the Complaint.

    j.  NTC admits that Nanya and IPValue communicated about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (j) of the Complaint.

    k.  NTC admits that Nanya engaged in discussions with IPValue in Taiwan about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (k) of the Complaint.

    l.  NTC admits that Nanya and IPValue communicated about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (l) of the Complaint.

    m.  NTC admits that Nanya and IPValue communicated about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (m) of the Complaint.

    n.  NTC admits that Nanya and IPValue communicated about some of the Patents-in-Suit. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 32 (n) of the Complaint.

  33.  NTC denies the allegations of Paragraph 33 of the Complaint.

## COUNT ONE
## INFRINGEMENT OF THE '031 PATENT

34. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 33 above as though fully set forth herein.

35. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '031 patent, and therefore denies the allegations of Paragraph 35 of the Complaint.

36. NTC denies the allegations of Paragraph 36 of the Complaint.

37. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies them.

38. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies them.

39. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies them.

40. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies them.

41. NTC denies the allegations of Paragraph 41 of the Complaint.

42. NTC denies the allegations of Paragraph 42 of the Complaint.

   a. Based on the denial of Paragraph 42 and the interdependence between Paragraphs 42 and 42 (a), NTC denies the allegations set forth in Paragraph 42 (a).

   b. Based on the denial of Paragraph 42 and the interdependence between Paragraphs 42 and 42 (b), NTC denies the allegations set forth in Paragraph 42 (b).

43. NTC denies the allegations of Paragraph 43 of the Complaint.

44. NTC denies the allegations of Paragraph 44 of the Complaint.

45. NTC denies the allegations of Paragraph 45 of the Complaint.

46. NTC denies the allegations of Paragraph 46 of the Complaint.

47. NTC denies the allegations of Paragraph 47 of the Complaint.

48. NTC denies the allegations of Paragraph 48 of the Complaint.

## COUNT TWO
## INFRINGEMENT OF THE '134 PATENT

49. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 48 above as though fully set forth herein.

50. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '134 patent, and therefore denies the allegations of Paragraph 50 of the Complaint.

51. NTC denies the allegations of Paragraph 51 of the Complaint.

52. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and therefore denies them.

53. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore denies them.

54. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and therefore denies them.

55. NTC denies the allegations of Paragraph 55 of the Complaint.

56. NTC denies the allegations of Paragraph 56 of the Complaint.

57. NTC denies the allegations of Paragraph 57 of the Complaint.

   a. Based on the denial of Paragraph 57 and the interdependence between Paragraphs 57 and 57 (a), NTC denies the allegations set forth in Paragraph 57 (a).

   b.  Based on the denial of Paragraph 57 and the interdependence between Paragraphs 57 and 57 (b), NTC denies the allegations set forth in Paragraph 57 (b).

   c.  Based on the denial of Paragraph 57 and the interdependence between Paragraphs 57 and 57 (c), NTC denies the allegations set forth in Paragraph 57 (c).

   d.  Based on the denial of Paragraph 57 and the interdependence between Paragraphs 57 and 57 (d), NTC denies the allegations set forth in Paragraph 57 (d).

58. NTC denies the allegations of Paragraph 58 of the Complaint.

59. NTC denies the allegations of Paragraph 59 of the Complaint.

60. NTC denies the allegations of Paragraph 60 of the Complaint.

61. NTC denies the allegations of Paragraph 61 of the Complaint.

62. NTC denies the allegations of Paragraph 62 of the Complaint.

63. NTC denies the allegations of Paragraph 63 of the Complaint.

## COUNT THREE
## INFRINGEMENT OF THE '516 PATENT

64. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 63 above as though fully set forth herein.

65. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '516 patent, and therefore denies the allegations of Paragraph 65 of the Complaint.

66. NTC denies the allegations of Paragraph 66 of the Complaint.

67. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and therefore denies them.

68. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and therefore denies them.

69. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and therefore denies them.

70. NTC denies the allegations of Paragraph 70 of the Complaint.

71. NTC denies the allegations of Paragraph 71 of the Complaint.

72. NTC admits that some of its products bear NTC's logo. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 72.

73. NTC admits that some of its products bear NTC's logo. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 73.

74. NTC denies the allegations of Paragraph 74 of the Complaint.

   a. Based on the denial of Paragraph 74 and the interdependence between Paragraphs 74 and 74 (a), NTC denies the allegations set forth in Paragraph 74 (a).

   b. Based on the denial of Paragraph 74 and the interdependence between Paragraphs 74 and 74 (b), NTC denies the allegations set forth in Paragraph 74 (b).

   c. Based on the denial of Paragraph 74 and the interdependence between Paragraphs 74 and 74 (c), NTC denies the allegations set forth in Paragraph 74 (c).

   d. Based on the denial of Paragraph 74 and the interdependence between Paragraphs 74 and 74 (d), NTC denies the allegations set forth in Paragraph 74 (d).

75. NTC denies the allegations of Paragraph 75 of the Complaint.

76. NTC denies the allegations of Paragraph 76 of the Complaint.

77. NTC denies the allegations of Paragraph 77 of the Complaint.

78. NTC denies the allegations of Paragraph 78 of the Complaint.

79. NTC denies the allegations of Paragraph 79 of the Complaint.

80. NTC denies the allegations of Paragraph 80 of the Complaint.

## COUNT FOUR
## INFRINGEMENT OF THE '526 PATENT

81. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 80 above as though fully set forth herein.

82. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '526 patent, and therefore denies the allegations of Paragraph 82 of the Complaint.

83. NTC denies the allegations of Paragraph 83 of the Complaint.

84. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint and therefore denies them.

85. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint and therefore denies them.

86. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint and therefore denies them.

87. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint and therefore denies them.

88. NTC denies the allegations of Paragraph 88 of the Complaint.

89. NTC denies the allegations of Paragraph 89 of the Complaint.

    a. Based on the denial of Paragraph 89 and the interdependence between Paragraphs 89 and 89 (a), NTC denies the allegations set forth in Paragraph 89 (a).

    b. Based on the denial of Paragraph 89 and the interdependence between Paragraphs 89 and 89 (b), NTC denies the allegations set forth in Paragraph 89 (b).

    c. Based on the denial of Paragraph 89 and the interdependence between Paragraphs 89 and 89 (c), NTC denies the allegations set forth in Paragraph 89 (c).

  d.  Based on the denial of Paragraph 89 and the interdependence between Paragraphs 89 and 89 (d), NTC denies the allegations set forth in Paragraph 89 (d).

  e.  Based on the denial of Paragraph 89 and the interdependence between Paragraphs 89 and 89 (e), NTC denies the allegations set forth in Paragraph 89 (e).

90. NTC denies the allegations of Paragraph 90 of the Complaint.

91. NTC denies the allegations of Paragraph 91 of the Complaint.

92. NTC denies the allegations of Paragraph 92 of the Complaint.

93. NTC denies the allegations of Paragraph 93 of the Complaint.

94. NTC denies the allegations of Paragraph 94 of the Complaint.

95. NTC denies the allegations of Paragraph 95 of the Complaint.

## COUNT FIVE
## INFRINGEMENT OF THE '993 PATENT

96. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 95 above as though fully set forth herein.

97. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '993 patent, and therefore denies the allegations of Paragraph 97 of the Complaint.

98. NTC denies the allegations of Paragraph 98 of the Complaint.

99. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint and therefore denies them.

100. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint and therefore denies them.

101. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint and therefore denies them.

102. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint and therefore denies them.

103. NTC denies the allegations of Paragraph 103 of the Complaint.

104. NTC denies the allegations of Paragraph 104 of the Complaint.

105. NTC admits that some of its products bear the NTC logo. Except as expressly admitted, NTC denies the remaining allegations of Paragraph 105 of the Complaint.

106. NTC denies the allegations of Paragraph 106 of the Complaint.

   a. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (a), NTC denies the allegations set forth in Paragraph 106 (a).

   b. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (b), NTC denies the allegations set forth in Paragraph 106 (b).

   c. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (c), NTC denies the allegations set forth in Paragraph 106 (c).

   d. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (d), NTC denies the allegations set forth in Paragraph 106 (d).

   e. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (e), NTC denies the allegations set forth in Paragraph 106 (e).

   f. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (f), NTC denies the allegations set forth in Paragraph 106 (f).

   g. Based on the denial of Paragraph 106 and the interdependence between Paragraphs 106 and 106 (g), NTC denies the allegations set forth in Paragraph 106 (g).

107. NTC denies the allegations of Paragraph 107 of the Complaint.

108. NTC denies the allegations of Paragraph 108 of the Complaint.

109. NTC denies the allegations of Paragraph 109 of the Complaint.

110. NTC denies the allegations of Paragraph 110 of the Complaint.

111. NTC denies the allegations of Paragraph 111 of the Complaint.

112. NTC denies the allegations of Paragraph 112 of the Complaint.

## COUNT SIX
## INFRINGEMENT OF THE '429 PATENT

113. NTC repeats and re-alleges each and every allegation of Paragraphs 1 through 112 above as though fully set forth herein.

114. NTC is without sufficient knowledge or information to form a belief as to whether Plaintiff is the owner of all right, title, and interest in and to the '429 patent, and therefore denies the allegations of Paragraph 114 of the Complaint.

115. NTC denies the allegations of Paragraph 115 of the Complaint.

116. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Complaint and therefore denies them.

117. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Complaint and therefore denies them.

118. NTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Complaint and therefore denies them.

119. NTC denies the allegations of Paragraph 119 of the Complaint.

120. NTC denies the allegations of Paragraph 120 of the Complaint.

121. NTC denies the allegations of Paragraph 121 of the Complaint.

122. NTC denies the allegations of Paragraph 122 of the Complaint.

    a. Based on the denial of Paragraph 122 and the interdependence between Paragraphs 122 and 122 (a), NTC denies the allegations set forth in Paragraph 122 (a).

      b.      Based on the denial of Paragraph 122 and the interdependence between Paragraphs 122 and 122 (b), NTC denies the allegations set forth in Paragraph 122 (b).

      c.      Based on the denial of Paragraph 122 and the interdependence between Paragraphs 122 and 122 (c), NTC denies the allegations set forth in Paragraph 122 (c).

123.    NTC denies the allegations of Paragraph 123 of the Complaint.

124.    NTC denies the allegations of Paragraph 124 of the Complaint.

125.    NTC denies the allegations of Paragraph 125 of the Complaint.

126.    NTC denies the allegations of Paragraph 126 of the Complaint.

127.    NTC denies the allegations of Paragraph 127 of the Complaint.

128.    NTC denies the allegations of Paragraph 128 of the Complaint.

## RELIEF REQUESTED

NTC denies that Monterey is entitled to any of the relief sought in its prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

NTC incorporates the foregoing paragraphs by reference. Nothing in these defenses is intended to alter the identity of the party that bears the burden of proof as to any matter raised in any defense.

## FIRST AFFIRMATIVE DEFENSE: LACK OF PERSONAL JURISDICTION

NTC is not subject to this Court's specific or general personal jurisdiction and subjecting it to this Court's specific or general personal jurisdiction would violate due process and/or the Delaware Long Arm Statute.

### SECOND AFFIRMATIVE DEFENSE: IMPROPER VENUE

Venue in this District is improper because for NTC, *inter alia*. NTC is not subject to this Court's specific or general personal jurisdiction. Furthermore, NTC is not incorporated in Delaware, and does not have a regular and established place of business in this District.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Monterey Complaint fails to state a claim upon which relief can be granted because NTC has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Monterey.

### FOURTH AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

NTC has not infringed and does not infringe any claim of the '031, '134, '516, '526, '993 and/or '429 patents, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### FIFTH AFFIRMATIVE DEFENSE: INVALIDITY

One or more of the claims of the '031, '134, '516, '526, '993 and/or '429 patents are invalid for failure to meet one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH AFFIRMATIVE DEFENSE: PATENT MISUSE

The '031, '134, '516, '526, '993 and/or '429 patents are unenforceable because Monterey has misused the '031, '134, '516, '526, '993 and/or '429 patents by attempting to enforce them despite knowing that they are invalid and/or not infringed.

### SEVENTH AFFIRMATIVE DEFENSE: EQUITY

Monterey's claims of infringement against NTC are barred in whole or in part by the doctrines of estoppel, including but not limited to prosecution history estoppel and equitable

estoppel, waiver, laches, acquiescence, unclean hands, misconduct, unfair competition, and/or other equitable defenses.

### EIGHTH AFFIRMATIVE DEFENSE: FAILURE TO PLEAD WITH PARTICULARITY

Monterey has failed to plead with sufficient particularity any claim inducing infringement or contributory infringement of the Patents-in-Suit.

### NINTH AFFIRMATIVE DEFENSE: 35 U.S.C. §§ 286, 287, AND/OR 288

Monterey's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288.

### DEMAND FOR A JURY TRIAL

NTC requests a jury trial for all issues so triable.

DATED:  January 27, 2020

*Of Counsel:*

Peter J. Wied
Vincent K. Yip
Ryan C. C. Duckett
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Telephone: (213) 629-6000
pwied@nixonpeabody.com
vyip@nixonpeabody.com
rduckett@nixonpeabody.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Defendant
Nanya Technology Corporation*

## **CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on January 27, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by e-mail:

| *For Plaintiff, Monterey Research, LLC:* | |
|---|---|
| Brian E. Farnan | bfarnan@farnanlaw.com |
| Michael J. Farnan | mfarnan@farnanlaw.com |
| **FARNAN LLP** | |
| 919 North Market Street | |
| 12th Floor | |
| Wilmington, DE  19801 | |
| | |
| Jonas R. McDavit | jmcdavit@desmaraisllp.com |
| Jordan N. Malz | jmalz@desmaraisllp.com |
| Edward Geist | egeist@desmaraisllp.com |
| Michael Wueste | mwueste@desmaraisllp.com |
| Ryan G. Thorne | rthorne@desmaraisllp.com |
| **DESMARAIS LLP** | |
| 230 Park Avenue | |
| New York, NY 10169 | |

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

January 27, 2020

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Robert M. Vrana (#5666) *[rvrana@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600

*Attorneys for Defendants,*
*Nanya Technology Corporation,*
*Nanya Technology Corporation, U.S.A., and*
*Nanya Technology Corporation Delaware*

25946191.1