# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTEREY RESEARCH, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., and NANYA TECHNOLOGY CORPORATION DELAWARE,<br><br>    Defendants. | Civil Action No. 19-2090-NIQA-LAS |

## MONTEREY RESEARCH, LLC'S RESPONSIVE NOTICE OF *INTER PARTES* REVIEW INSTITUTION DECISIONS

Defendants Nanya Technology Corporation, Nanya Technology Corporation, U.S.A., and Nanya Technology Corporation Delaware ("Nanya") filed a Notice regarding institution decisions on *inter partes* review ("IPR") proceedings on the patents-in-suit.  (*See* D.I. 82.)  Plaintiff Monterey Research, LLC ("Monterey") respectfully provides this Responsive Notice to complete the record.

Nanya's notice provided a selective, incomplete summary chart that excludes the patents-in-suit that are not subject to any IPR proceeding.  For completeness, and so the Court is aware of the status of all patents-in-suit, Monterey provides the following chart (omissions in Nanya's notice are indicated in *italics*):

| Patent No. | IPR No. | Petitioner | Institution Status | Claims Covered |
|---|---|---|---|---|
| ***6,363,031*** | ***Not Subject to an IPR*** | ***N/A*** | ***N/A*** | ***N/A*** |
| ***6,825,526*** | ***Not Subject to an IPR*** | ***N/A*** | ***N/A*** | ***N/A*** |
| 6,651,134 | 2020-00985 | AMD | Instituted | All asserted claims (1-5, 9, 13-14, 16-18) |

| Patent No. | IPR No. | Petitioner | Institution Status | Claims Covered |
|---|---|---|---|---|
| | 2020-01492 | Qualcomm | Instituted | All asserted claims (1-5, 9, 13-14, 16-18) |
| | 2021-00167 | Nanya | Not instituted | All asserted claims (1-5, 9, 13-14, 16-18) |
| 6,680,516 | 2021-00119 | Qualcomm | Instituted | All asserted claims (5-7, 10-11) |
| | 2021-00171 | Nanya | Not instituted | All asserted claims (5-7, 10-11) |
| 6,902,993 | 2021-00172 | Nanya | Instituted | All asserted claims (1-2, 4-10, 12-19) |
| 7,158,429 | 2021-00170 | Nanya | Instituted | All asserted claims (1-3) |

Nanya also states that it will stipulate to "estoppel" from the third-party IPRs concerning the '134 and '516 patents if the Court grants Nanya's stay motion; however, the so-called "stipulation" offered by Nanya falls short for at least three reasons.

*First*, Nanya's purported stipulation will not simplify the issues related to *Markman*. Per the Court's Order (D.I. 72), the parties are in the midst of an orderly claim construction process. Monterey served its opening brief on May 3, 2021; Nanya served its answering brief on June 1; and Monterey served its reply brief on June 22. The parties have significantly streamlined the claim construction issues such that the parties' briefing now concerns only ten disputed terms from just three patents-in-suit: U.S. Patent No. 6,825,526 ("the '526 patent"); U.S. Patent No. 6,363,031 ("the '031 patent"); and U.S. Patent No. 6,680,516 ("the '516 patent"). Importantly, **the PTAB has not instituted any IPR petition filed by Nanya concerning any of these three patents**, and thus none of these patents or terms will be affected by any Nanya-filed IPR petition. Even more critical, **nobody has filed any IPR petition concerning the '526 patent and the '031 patent** (which comprise eight of the ten disputed terms), and thus neither the '526 nor '031 patents will be affected by *any* IPR proceeding at all. And as for the '516 patent (for which Qualcomm's IPR was

instituted but Nanya's IPR was not), Nanya has not stipulated to be bound by the claim construction opinions rendered by the Board. Nanya's proposed stipulation will not simplify any issues regarding *Markman*.

*Second*, Nanya's purported stipulation will not simplify the issues at trial because Nanya's proposed "estoppel" is far narrower than what the actual Petitioner would face under 35 U.S.C. § 315(e). Nanya's proposed "estoppel" would apply only to "***the specific prior art and combinations raised by***" AMD or Qualcomm and, even then, "***only if the PTAB relies on the cited prior art in a final written decision in that IPR***." (D.I. 82 at 3.) But as explained in Monterey's opposition to Nanya's motion to stay, 35 U.S.C. § 315(e) imposes estoppel on a Petitioner with respect to "any ground that the petitioner raised or reasonably ***could have raised during that inter partes review***." 35 U.S.C. § 315(e) (emphasis added); (D.I. 64 at 16-20.) Nanya's proposal is much narrower because Nanya seeks to take the proverbial two-bites-at-the-*invalidity*-apple.

*Third*, Nanya's proposed "estoppel" seeks to delay the commencement of estoppel to well beyond when the actual Petitioner would begin facing estoppel under 35 U.S.C. § 315(e). Nanya's proposed "estoppel" would commence not upon entry of the "final written decision itself," as provided for by 35 U.S.C. § 315(e), but instead only if "a final written decision in that IPR [] then ***becomes a final non-appealable judgment as to any surviving claim.***" (D.I. 82 at 3.) In other words, Nanya's proposal would unnecessarily delay this case until a "final non-appealable judgment" as opposed to a "final written decision" by the PTAB. Nanya thus not only seeks to take two bites at the invalidity apple, but seeks to do so in a much more protracted timeline than even what AMD and Qualcomm would be entitled to.

Monterey respectfully requests that the Court deny Nanya's motion.

Dated: June 24, 2021                                    Respectfully submitted,

OF COUNSEL:                                             FARNAN LLP

Jonas R. McDavit (*pro hac vice*)                       */s/ Brian E. Farnan*
Jordan N. Malz (*pro hac vice*)                         Brian E. Farnan (#4089)
Michael Wueste (*pro hac vice*)                         Michael J. Farnan (#5165)
Ryan G. Thorne (*pro hac vice*)                         919 North Market Street
Eli Balsam (*pro hac vice pending*)                     12th Floor
DESMARAIS LLP                                           Wilmington, DE 19801
230 Park Avenue                                         (302) 777-0300 (Telephone)
New York, NY 10169                                      (302) 777-0301 (Facsimile)
Telephone: 212-351-3400                                 bfarnan@farnanlaw.com
Facsimile: 212-351-3401                                 mfarnan@farnanlaw.com

*Attorneys for Plaintiff Monterey Research, LLC*