**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MONTEREY RESEARCH, LLC,

Plaintiff,

vs.

NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., and NANYA TECHNOLOGY CORPORATION DELAWARE,

Defendants.

Civil Action No. 19-2090-NIQA-LAS

**PLAINTIFF MONTEREY RESEARCH, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO MAKE AGREED-UPON DISCLOSURES AND PRODUCE CORE TECHNICAL AND FINANCIAL DOCUMENTS REQUIRED BY THE COURT'S SCHEDULING ORDER**

Dated: August 3, 2023

Jonas R. McDavit (*pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jmcdavit@desmaraisllp.com

Goutam Patnaik (*pro hac vice*)
David J. Shaw (*pro hac vice*)
Christian Dorman (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue NW
Suite 400
Washington, DC 20006
Telephone: 202-451-4900
Facsimile: 202-451-4901
gpatnaik@desmaraisllp.com
dshaw@desmaraisllp.com
cdorman@desmaraisllp.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Kevin J. Gu (*pro hac vice*)
DESMARAIS LLP
101 California St
Suite 3070
San Francisco, CA 94111
Telephone: 415-573-1900
Facsimile: 415-573-1901
kgu@desmaraisllp.com

*Attorneys for Plaintiff Monterey Research, LLC*

# TABLE OF CONTENTS

**Pages**


I. INTRODUCTION ....... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ....... 2

III. SUMMARY OF ARGUMENTS ....... 3

IV. STATEMENT OF FACTS ....... 4

A. Nanya Has Not Identified ESI Custodians or Non-Custodial Data Sources ....... 4

B. Nanya's Core Technical And Financial Production Is Deficient. ....... 4

C. Nanya Did Not Produce Core Technical And Financial Documents By The Scheduling Order Deadline. ....... 5

D. Post-Stay, Monterey Informed Nanya That Its Core Technical And Financial Production Was Overdue And Deficient. ....... 5

E. Nanya Claimed It Had Already Produced Recipes, But The Documents It Identified Explicitly Referenced Recipes That Were Located Elsewhere. ....... 6

F. Nanya Will Not Produce Native/Legible Schematics. ....... 7

G. Core Financial Information Related To The Accused Instrumentalities Remain Absent from Nanya's Production. ....... 8

V. LEGAL STANDARDS ....... 9

VI. ARGUMENT ....... 10

A. There Is No Justification To Withhold Identification of Custodians Or Non-Custodial Data Sources. ....... 10

B. Nanya Has Failed To Produce Documents Demonstrating The Operation And Sales Of The Accused Instrumentalities. ....... 10

1. Technical Documents Describing The Operation Of The Accused Instrumentalities Identified By Monterey In Its Infringement Contentions. ....... 11

a. Semiconductor Manufacturing Process Recipes, Formulas, And Flows Are Required By The Court's Scheduling Order. ....... 11

**TABLE OF CONTENTS (cont'd)**

**Pages**

b. The Court Should Order Defendants To Produce Native And/Or Legible Schematics Required By Its Scheduling Order. ....................12

2. The Court Should Order the Production of Financial Documents Corresponding To The Accused Instrumentalities Identified By Monterey In Its Infringement Contentions. ....................13

VII. CONCLUSION....................14

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Contour IP Holding, LLC v. GoPro, Inc.*,
Case No. 15-1108-LPS, D.I. 65 (D. Del. July 6, 2016) ........ 11

*Finjan LLC v. Trustwave Holdings, Inc. et al.*,
Case No. 1-20-cv-00371, D.I. 132 (D. Del. Jan. 12, 2022) ........ 13

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970),
*modified sub nom. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc.*,
446 F.2d 295 (2d Cir. 1971)........ 13

*Greatbatch Ltd. v. AVX Corp.*,
179 F. Supp. 3d 370 (D. Del. 2016),
aff'd, 813 F. App'x 609 (Fed. Cir. 2020)........ 11

*iCeutica Pty Ltd. et al v. Novitium Pharma LLC*,
C.A. No. 18-599-CFC (D. Del. Feb. 13, 2019 ........ 10

*TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc*,
No. CV 21-1126-GBW-SRF, 2022 WL 20402683, at *1 (D. Del. Oct. 18, 2022) ........ 11

*W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*,
461 U.S. 757 (1983)........ 9

## Rules

Fed. R. Civ. P. 26(b)(1)........ 9

## I. INTRODUCTION

After multiple attempts to reach an agreement with the Nanya defendants[1] (hereinafter "Nanya") with no resolution, plaintiff Monterey Research, LLC ("Monterey") seeks an order to compel the production of unquestionably relevant and long overdue disclosures and discovery. Indeed, Nanya offers no excuse or bona fide objection to producing the requested documents and information. It just will not produce them.

First, Nanya has failed to comply with this District's Default Standard For Discovery, which calls for disclosure of 1) custodians that have relevant electronically stored information ("ESI"), and 2) non-custodial data sources that are mostly likely to contain discoverable information. Nanya has agreed to provide that information; it just has not done so to date, despite repeated requests and repeated assurances that it would be forthcoming.

Second, Nanya has violated the Court's Scheduling Order. (D.I. 38.) That order mandated that Nanya produce and/or make available core technical and financial documents for the Accused Instrumentalities by January 11, 2021, over two years ago. (*Id.*, § 6.) But Nanya did not produce its core technical or financial documents on that date—and ***still*** has not done so. Rather, Nanya has stonewalled, and continues to stonewall, production of core technical and financial documents that the Scheduling Order required. Specifically, Nanya possesses but has yet to produce documents and information related to 1) semiconductor manufacturing process formulas, recipes, and flows, 2) native or legible schematics, and 3) cost and profit information.

Nanya does not dispute it has the above information and documentation, nor has it objected to providing it. But it has not yet provided them, despite repeated requests from Monterey.

---

[1] As used throughout, "Nanya" or "Defendants" refers collectively to the defendants Nanya Technology Corporation, Nanya Technology Corporation, U.S.A., and Nanya Technology Corporation Delaware.

Accordingly, the Court should compel Nanya to comply with its ESI obligations and produce a complete production of core technical and financial documents for the Accused Instrumentalities.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Monterey filed this patent infringement suit on November 4, 2019. (D.I. 1.) Fact discovery commenced in early June 2020. (D.I. 27.) The parties have served discovery requests, discovery responses, document productions, infringement contentions, and invalidity contentions. (D.I. 27-31, 33-35, 41-46, 48, 50, 53.) In October 2020, the Court issued a Scheduling Order in the case ordering service of infringement contentions, invalidity contentions, and document productions accompanying infringement and invalidity contentions. (D.I. 38.) Nanya was ordered to produce, by January 11, 2021, "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order." (*Id.*) Nanya was also ordered to produce, by the same date "(d) Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement." (*Id.*) The parties also began the claim construction process, including serving opening, answering, and reply claim construction briefs. (D.I. 72; *see also* D.I. 122 at 9.)[2]

The parties are also subject to the disclosures called for by the Delaware "Default Standard for Discovery, Including Discovery of Electronically Stored Information." (Ex. 17, ¶ 3.) Monterey made its disclosures on November 2, 2021. (D.I. 45.) Nanya has made no such disclosure.

---

[2] The Court stayed the case days before the original due date for Nanya's sur-reply claim construction brief. The Court ordered Nanya to submit that sur-reply brief on July 27, 2023. (D.I 149, ¶ 4(d).)

The Court stayed the litigation on June 25, 2021, pending *inter partes* review. (D.I. 84.) In January of 2023, after the conclusion of the IPR proceedings, the Court lifted its stay of the case. (D.I. 99.) The Court rejected Nanya's motion for reargument of that Order, and also rejected Nanya's motion to stay the case pending *ex parte* reexamination. (D.I. 112, 139.) There are currently four patents at issue in this litigation (U.S. Patent Nos. 6,680,516 (the "'516 patent"); 6,629,526 (the "'526 patent"), 6,363,031 (the "'031 patent"), and 7,158,429 (the "'429 patent").[3]

In June 2023, the Court issued an Amended Scheduling Order. That Order confirmed that the date for Nanya's Core Technical Production had long passed. (*See* D.I. 149 at Ex. A (the date for Core Technical Production is January 11, 2021.)

## III. SUMMARY OF ARGUMENTS

1. The District's Default Standard For Discovery, Including Discovery Of Electronically Stored Information ("ESI") called for the parties to disclose 1) "custodians most likely to have discoverable information" and 2) a "list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information" relevant to the instant dispute. (Ex. 17, ¶ 3.) Nanya agreed to make those disclosures but has not done so. (Ex. 10 at 4; Ex. 16 at 1.) The Court should order Nanya to do so.

2. The Court's Scheduling Order and Amended Scheduling Order required Nanya to produce core technical and financial documents for the Accused Instrumentalities by January 11, 2021. (D.I. 38, D.I. 149.) Nanya failed to do so by that deadline—and still has not done so. Specifically, Nanya has failed to provide three specific categories of core technical and financial documents. First, it has failed to produce semiconductor manufacturing process formulas, recipes, and flows, which contain relevant details for fabricating the Accused Instrumentalities. Second, it

[3] Two of the original six patents-in-suit (U.S. Patent Nos. 6,651,134 and 6,902,993) are no longer at issue in this litigation. (D.I. 121.)

has failed to produce native or legible schematics for the Accused Instrumentalities. Finally, it has failed to produce cost or profit information for the Accused Instrumentalities, at any level of granularity. The Court should order Nanya to produce all core technical and financial documents for the Accused Instrumentalities.

## IV. STATEMENT OF FACTS[4]

### A. Nanya Has Not Identified ESI Custodians or Non-Custodial Data Sources

The parties are subject to this District's Default Standard for Discovery. That Standard, among other things, calls for identification of custodians and data sources that contain relevant information. (Ex. 17, ¶ 3.) On a June 21, 2023 meet and confer, Nanya agreed to make the specified disclosures by June 30, 2023. (Ex. 10 at 4.) On June 30th, Nanya followed up to say that it had reached out to its client to "identify custodians and witnesses for the topics you raised at the meet and confer." (Ex. 16 at 1.) More than a month later, Nanya has not made the ESI disclosures.

### B. Nanya's Core Technical And Financial Production Is Deficient.

On October 1, 2020, the Court issued the Scheduling Order. (D.I. 38.) Section 6 of the Scheduling Order required Defendants to provide a "Document Production Accompanying Invalidity Contentions" by no later than January 11, 2021. (*Id.* at 8, § 6.) Among the materials Section 6 required Defendants to "produce or make available for inspection and copying" by January 11, 2021 was core technical and financial documentation for the Accused Instrumentalities:

> With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying: (a) Source code, ***specifications, schematics, flow charts, artwork, formulas, or other documentation*** sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced

[4] All exhibits cited in this brief are exhibits to the concurrently-filed declaration of Kevin J. Gu.

> pursuant to paragraph 3(c) of this Order…(d) Documents sufficient to show the sales, revenue, ***cost, and profits*** for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement

(*Id.* (emphasis added).) Thus, Defendants have known about and been subject to the Court's deadline for disclosing core technical and financial documents for more than two years. (*Id.*)

Nanya's production of documents to date does not satisfy its obligation under the Order. Rather, Nanya's production fails to show the operation of the Accused Instrumentalities or the financial gain associated with the Accused Instrumentalities.

### C. Nanya Did Not Produce Core Technical And Financial Documents By The Scheduling Order Deadline.

By January 11, 2021, the Court-ordered deadline for the "Document Production Accompanying Invalidity Contentions," Nanya had produced zero (0) documents. (Ex. 1 at 3.) Monterey immediately contacted Nanya to inform them that their production was overdue. *(Id.* at 1.*)* Nanya admitted it had missed the Court-ordered deadline and promised to produce the required documents. (Ex. 2 at 1.) But even after Nanya made its initial document production on January 15, 2021, Monterey's review revealed that Nanya's production lacked key schematics, recipes, and financial information. (Ex. 3 at 2-3.) Monterey met and conferred with Nanya on February 3, 2021 and explained those deficiencies. (Ex. 4 at 3-5.) Nanya did not remedy the deficiencies with their core technical and financial production before the Court stayed the case pending *inter partes review* on June 25, 2021. (D.I. 84.)

### D. Post-Stay, Monterey Informed Nanya That Its Core Technical And Financial Production Was Overdue And Deficient.

On January 31, 2023, the Court lifted the stay pending *inter partes review.* (D.I. 99.) After the stay was lifted, Monterey continued to inform Nanya that it still had not completed its core technical and financial productions. On March 29, 2023, Monterey asked Nanya to remedy the deficiencies with its core technical and financial productions. (Ex. 5 at 1, 3-4.)

The parties met and conferred on May 10, 2023 to discuss Nanya's deficient production of core technical and financial information. (Ex. 6 at 2-4.) During that meet and confer, Monterey explained that Nanya needed to provide recipes and native schematics, and even identified the specific recipes that should be produced for each Accused Instrumentality based on one of Nanya's own documents. (*Id.* at 3-4.) For instance, Monterey flagged that Nanya had not produced the recipes from NANYA_0035534, which its own documents referenced. (Ex. 6 at 3-4.)

The parties met and conferred two additional times, on June 21, 2023 and June 29, 2023, and Monterey sent correspondence on these issues on June 9, June 14, June 23, July 5, July 13, and July 19. (Exs. 8-13.) Each time, Monterey explained that Nanya's productions were deficient and that core technical and financial documents were overdue. *(Id.*) Despite Monterey's efforts, Nanya still has not produced its core financial and technical documents.

**E. Nanya Claimed It Had Already Produced Recipes, But The Documents It Identified Explicitly Referenced Recipes That Were Located Elsewhere.**

On the issue of semiconductor manufacturing process recipes, formulas, and flows, Nanya claimed on June 5, 2023 that it had produced all recipes for the Accused Instrumentalities, writing "Our understanding is that Nanya has produced its recipes for the accused products." (Ex. 14 at 2.) Because Monterey could not identify production of any recipes for the accused products, it asked Nanya to correlate the documents it had produced to Nanya's list of recipes for the Accused Instrumentalities. (*Id.* at 1.) Nanya promised to provide this information, but it never did. (*Id.*) Instead, Nanya doubled down on its claim that it had produced all of the recipes for the accused products, writing that "[w]e have confirmed that you have all the recipes for the accused products." (Ex. 15 at 1.) The parties met and conferred on June 21, where Monterey explained again that it did not believe Nanya had produced any recipes, and asked Nanya again to correlate its production to its list of recipes. (Ex. 10 at 3.)

In response, Nanya identified NANYA_0022912 and NANYA_0022937 as recipes corresponding with a tool OXE2. (Ex. 16 at 1.) When Monterey examined the identified "recipes," those documents referred to another Nanya database.[5] (Ex. 11 at 2.) In other words, the "recipes" Nanya identified explicitly stated that the content of the recipes of interest were found in different documents (which Nanya has never produced) located in a different database. Nanya has never disputed this. Monterey asked Nanya about this discrepancy, but it never responded. (*Id.*)

**F. Nanya Will Not Produce Native/Legible Schematics.**

On the issue of schematics, Nanya will not produce native or legible schematics. The parties met and conferred regarding production of native schematics on February 3, 2021. (Ex. 4 at 3.) Nanya promised to check whether it had native versions of these schematics and whether it would produce them. (*Id.*) Monterey reminded Nanya of this issue on March 29, 2023. (Ex. 5 at 1.) The parties met and conferred on this issue on May 10, 2023, when Monterey once again asked Nanya to produce native or legible versions of these schematics. (Ex. 6 at 4.) Monterey asked for this again at a meet and confer on June 7, memorialized it in correspondence on June 9, asked for it again at a meet and confer on June 21, and memorialized it in correspondence on June 23. (Exs. 8 at 3, 10 at 3.) Monterey also identified exemplary schematics that were not legible. (Ex. 10 at 3.) Monterey also followed up on this issue via email on July 5, July 13, and July 19. (Exs. 11-13.) On July 25, Nanya indicated that it used a proprietary environment to view native files, but did not indicate whether it would produce native files or legible copies of the schematics. (Ex. 25 at 1.) Instead, as it had two years earlier, Nanya would only commit to "assessing" whether the schematics could be produced in a legible format, and only for the two specific documents that Monterey identified instead of Nanya's entire production of relevant schematics. *(Id.)* On August

[5] The document instructs a reader to go to a different database to find the contents of the recipes for the Accused Instrumentalities. (Ex. 18 at 4.)

2, 2023, Nanya produced scans of thousands of schematics, including native versions of the two documents Monterey previously identified as being illegible. But, other than the two native files to replace the illegible schematics Monterey previously identified, the schematics Nanya produced on August 2 were not in native form and continued to be illegible, including, for example, NANYA_0037812, NANYA_0039393, NANYA_0039510, NANYA_0040557, NANYA_0040558, and NANYA_0042348. (Exs. 19-24.) Nanya has yet to produce nor will it commit to producing native or legible versions of these illegible copies of schematics.

### G. Core Financial Information Related To The Accused Instrumentalities Remain Absent from Nanya's Production.

On the issue of core financial documents, Nanya will not provide cost or profit information for the Accused Instrumentalities. On February 3, 2021, Monterey informed Nanya that its financial document production was deficient, and missing, among other things, cost and profit information, which are expressly required by the Court's Order. (Ex. 4 at 5; *see* D.I. 38, ¶ 6(d) ("Documents sufficient to show the sales, revenue, ***cost, and profits*** for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement").) Monterey reminded Nanya of this issue on March 29, 2023. (Ex. 5 at 4.)

The parties met and conferred on this issue on May 10, 2023, and Nanya suggested that the parties stipulate to cost and profit margins based on Nanya's publicly available annual reports, which contained financial statements. (Ex. 6 at 2-3.)

On May 17, 2023, Monterey proposed a financial stipulation using Nanya's publicly available annual reports, and asked Nanya to agree to the stipulation or produce the cost and profit information required by the Court's Scheduling Order. (*Id.*) On a meet and confer on June 7, 2023, Nanya refused Monterey's financial stipulation, but still continued to withhold cost and profit information for the Accused Instrumentalities. (Ex. 8 at 2.) Nanya claimed it did not keep

cost or profit information at the product level, but did not produce them at any level, including in response to Monterey's request for the information at the most granular level it is kept. (*Id.*)

Monterey asked for this again at a meet and confer on June 7, memorialized it in correspondence on June 9, asked for it again at a meet and confer on June 21, and memorialized it in correspondence on June 23. (Exs. 8 at 2, 10 at 2.) Monterey also followed up on this issue via email on July 5, July 13, and July 19. (Exs. 11-13.)

## V. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"It is beyond question that obedience to judicial orders is an important public policy." *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983).

The Default Standard for Discovery, Including Discovery of Electronically Stored Information calls for all parties to identify and disclose the custodians most likely to have discoverable information in their possession, custody, or control. (Ex. 17, ¶ 3).

In its October 2020 Scheduling Order, this Court ordered:

> With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying: (a) Source code, ***specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality*** identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order…(d) Documents sufficient to show the sales, revenue, ***cost, and profits*** for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement….

(D.I. 38 at 8 (emphasis added).) That provision was not modified in the Amended Scheduling Order. (D.I. 149.)

## VI. ARGUMENT

### A. There Is No Justification To Withhold Identification of Custodians Or Non-Custodial Data Sources.

Nanya does not dispute that it should provide the disclosures specified by the Delaware Default Standard for Discovery. (Ex. 10 at 4; Ex. 16 at 1.) *See also* Ex. 28, *iCeutica Pty Ltd. et al v. Novitium Pharma LLC*, C.A. No. 18-599-CFC (D. Del. Feb. 13, 2019 (ordering defendant to produce ESI-related disclosures under ¶ 3 of the Default Standard). Nanya has neither objected to providing this information, nor has it sought to escape its obligations. It simply has not complied, flaunting the rules of this District. Moreover, by not complying, Nanya has forced Monterey to expend time and resources chasing what should be an automatic disclosure.

### B. Nanya Has Failed To Produce Documents Demonstrating The Operation And Sales Of The Accused Instrumentalities.

All parties must comply with the Court's Scheduling Orders. Among the requirements of the Court's October 1, 2020 Scheduling Order is the mandate that Nanya produce documents that demonstrate the operation and sales of the products accused of infringement. (D.I. 38, § 6(a), 6(d).) Monterey identified numerous products that contain the infringing feature(s) in its infringement contentions. (D.I. 50.) There is no question as to the sufficiency of that identification, nor has Nanya feigned confusion as to what products Monterey listed. Monterey and Nanya have met and conferred several times on this subject, but Nanya has yet to rectify its deficiencies. Monterey specifically identified three groups of documents that should have been

produced (but were not) pursuant to the Court's Scheduling Order.[6] Those groups include technical documents that demonstrate the operation of the Accused Instrumentalities and cost/profit information for the Accused Instrumentalities.

**1. Technical Documents Describing The Operation Of The Accused Instrumentalities Identified By Monterey In Its Infringement Contentions.**

The Court should order Nanya to produce semiconductor manufacturing process recipes, formulas, and flows, as well as native and/or legible schematics. This core technical production "must be produced pursuant to the scheduling order…[and] is required by Plaintiff in order for this case to proceed efficiently…." Ex. 26, *Contour IP Holding, LLC v. GoPro, Inc.*, Case No. 15-1108-LPS, D.I. 65 (D. Del. July 6, 2016); *see also TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc,* No. CV 21-1126-GBW-SRF, 2022 WL 20402683, at *1 (D. Del. Oct. 18, 2022) (ordering production of core technical documents); *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 374 (D. Del. 2016), aff'd, 813 F. App'x 609 (Fed. Cir. 2020) (same).

**a. Semiconductor Manufacturing Process Recipes, Formulas, And Flows Are Required By The Court's Scheduling Order.**

Semiconductor manufacturing process recipes, formulas, and flows are relevant to Monterey's infringement case for the asserted patents. For example, the asserted claims of the '516 patent contain limitations regarding the composition and thickness of the transistor gate stack. Nanya's recipes are believed to provide information regarding the composition and thickness of the transistor gate stack of each Accused Instrumentality, including, for example, whether there is "a gate layer," "a metallic layer," "an etch stop layer," whether the "gate stack height is at most

[6] And even if the Scheduling Order did not mandate disclosure of this information, Monterey has specifically requested this information numerous times both in written discovery (*e.g.,* RFP Nos. 14, 16, 17, 18, 19, 20, 22, 25, Ex. 7) and via written correspondence (*e.g.,* Exs. 1, 3, 4, 5, 6, 8, 10).

2700 angstroms," whether "the etch stop layer comprises nitride," and whether "the metallic layer comprises tungsten," among other details relevant to asserted claims.

As another example, the asserted claims of the '526 patent include method claims directed towards the semiconductor manufacturing process. The recipes would provide information regarding whether Nanya's manufacturing process for the Accused Instrumentalities includes, for example, "forming a trench between first and second isolation regions in a substrate, said trench defining trench sidewalls and a trench bottom in said substrate" and "forming a tunnel oxide layer between said first and second isolation regions, said tunnel oxide layer being formed on said trench sidewalls and said trench bottom," among other relevant details. (*See, e.g.,* claim 15 of the '526 patent.).

Nanya has never disputed that these recipes are relevant—it just will not produce them. Given Nanya's multi-year delay, the Court should order Nanya to promptly produce semiconductor manufacturing process recipes, formulas, and flows for the Accused Instrumentalities.

**b. The Court Should Order Defendants To Produce Native And/Or Legible Schematics Required By Its Scheduling Order.**

For the same reasons, the Court should order Nanya to produce native and/or legible schematics. These are also core technical documents relevant to Monterey's infringement case.

For example, the asserted claims of the '429 patent contain limitations regarding connections between local amplifiers, global read data lines, and a main amplifier strobe. Legible/native schematics would provide information regarding whether the Accused Instrumentalities include "a plurality of local amplifiers each coupled to a pair of global read data lines," a main amplifier having an input coupled to the pair of global read data lines and having an

output coupled to an output register," and "a main amplifier strobe coupled to each of the plurality of local amplifiers," among other relevant details.

Nanya has never disputed that these schematics are relevant—it just will not produce them in native or legible form. Given Nanya's multi-year delay, the Court should order Nanya to promptly produce native and/or legible schematics for the Accused Instrumentalities.

### 2. The Court Should Order the Production of Financial Documents Corresponding To The Accused Instrumentalities Identified By Monterey In Its Infringement Contentions.

The Court should order Nanya to produce cost and profit information for the Accused Instrumentalities at the most granular level Nanya keeps such information. Courts have compelled production of this exact kind of financial information. *See, e.g.,* Ex. 27, *Finjan LLC v. Trustwave Holdings, Inc. et al.*, Case No. 1-20-cv-00371, D.I. 132 (D. Del. Jan. 12, 2022) (ordering "a complete production of technical and financial information pursuant to…the Scheduling Order").

Cost and profit information is relevant to numerous *Georgia-Pacific* factors, including:

> 8. The established profitability of the product made under the patent; its commercial success; and its current popularity…
>
> 12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions…
>
> 13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971).

Indeed, Nanya has never disputed that cost and profit information is relevant—it just will not produce them. Given Nanya's multi-year delay, the Court should order Nanya to promptly

produce cost and profit information for the Accused Instrumentalities at the most granular level it is kept.

## VII. CONCLUSION

For the foregoing reasons, Monterey respectfully requests that the Court compel Nanya to make the disclosures called for by the District's Default Standard for Discovery that it had agreed to make, and produce for the Accused Instrumentalities: 1) semiconductor manufacturing process formulas, recipes, and flows, 2) native and/or legible schematics, and 3) cost and profit information at the lowest level of granularity it is kept.

Dated: August 3, 2023

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Monterey Research, LLC*

OF COUNSEL:

Jonas R. McDavit (*pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jmcdavit@desmaraisllp.com

Goutam Patnaik (*pro hac vice*)
David J. Shaw (*pro hac vice*)
Christian Dorman (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue NW
Suite 400
Washington, DC 20006
Telephone: 202-451-4900
Facsimile: 202-451-4901
gpatnaik@desmaraisllp.com
dshaw@desmaraisllp.com
cdorman@desmaraisllp.com

Kevin J. Gu (*pro hac vice*)
DESMARAIS LLP
101 California St
Suite 3070
San Francisco, CA 94111
Telephone: 415-573-1900
Facsimile: 415-573-1901
kgu@desmaraisllp.com